IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DAVID SCRUGGS, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 7:14-CV-00123-O |
| | § | |
| CITY OF BOWIE, and DARLA CORDELL | § | |
| | § | |
| Defendants | § | |

**APPENDIX TO DARLA CORDELL'S BRIEF IN SUPPORT OF REASONABLE ATTORNEY'S FEES, COSTS AND EXPENSES**

| | PAGE NO. |
|---|---|
| 1. Declaration of Douglas C. Bracken | App 003 – App 031 |
| 2. Declaration of Brandon Shelby | App 0032 – App 038 |
| 3. Declaration of Bryan R. Haynes | App 039 – App 043 |

Respectfully submitted,

*/s/ Douglas C. Bracken*

Douglas C. Bracken
Texas Bar No. 00783697
SCHEEF & STONE, LLP
500 N. Akard Street, Suite 2700
Dallas, Texas 75201
(214) 706-4250 – Telephone
(214) 706-4242 – Facsimile
douglas.bracken@solidcounsel.com

**ATTORNEYS FOR DEFENDANT DARLA CORDELL**

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 31, 2015, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys listed below.

Nicholas O'Kelly
Kilgore & Kilgore PLLC
3109 Carlisle Street, Suite 200
Dallas, TX 75231
***Attorney for David Scruggs***

Thomas P Brandt
Nichole Marie Plagens
Stephen D Henninger
Fanning Harper Martinson Brandt & Kutchin PC
Two Energy Square
4849 Greenville Ave Suite 1300
Dallas, TX 75206
***Attorneys for City of Bowie, Texas***

*/s/ Douglas C. Bracken*
Douglas C. Bracken

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DAVID SCRUGGS, | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 7:14-CV-00123-O |
| CITY OF BOWIE, and DARLA CORDELL | § | |
| | § | |
| Defendants | § | |
| | § | |

**DECLARATION OF DOUGLAS C. BRACKEN IN SUPPORT OF AWARD OF ATTORNEY'S FEES, COSTS AND EXPENSES**

I, DOUGLAS C. BRACKEN, declare pursuant to 28 U.S.C. Section 1746:

1. My name is Douglas C. Bracken. I am fully qualified and competent to make this Declaration. I am over eighteen (18) years old. I have personal knowledge of all facts stated herein other than those facts which I expressly state are made on the basis of information and belief.

2. I am a partner with the law firm of Scheef & Stone, LLP, which has more than 50 lawyers between its two offices in Dallas and Frisco, Texas. I have been licensed to practice law in Texas since 1992. I received a B.A. degree with honors from Washington & Lee University in Lexington, Virginia in 1989, and I obtained my J.D. from Texas Tech University School of Law in 1992 where I was a member of the Law Review. Because I attend at least 30 hours of continuing legal education each year, I am a member of the College of the State Bar of Texas and have been since 2005.



3.     Since 1992, I have been practicing in general civil litigation, and more specifically in the area of labor and employment law, in the state and federal courts primarily in the North Texas area. I have been admitted to practice before the United States District Courts for the Northern, Western, Eastern and Southern Districts of Texas, as well as the Northern District of Illinois and the District of Colorado. I have also been admitted to practice before the Fifth Circuit Court of Appeals and the United States Supreme Court. I am in good standing in the courts to which I am admitted. I have never had a disciplinary action taken against me in any court or bar where I have practiced. I have never been held in contempt of any court, or censured, disbarred or suspended by any court.

4.     I am Board Certified in Labor & Employment Law by the Texas Board of Legal Specialization and have been since 2004, having been recertified in 2009 and 2014. I have additional experience in cases involving defamation and First Amendment issues. For instance, in 2013 I was admitted *pro hac vice* to the United States District Court for the Southern District of California where I served as lead counsel in a case involving issues under that state's anti-SLAPP statute.

5.     Plaintiff's Original Complaint was filed against Judge Cordell on November 7, 2014 (ECF No. 1). Initially, Counsel for the City of Bowie also represented Judge Cordell and filed a motion to dismiss on her behalf (ECF No. 3). Soon thereafter, Plaintiff voluntarily dismissed Judge Cordell by Plaintiff's First Amended Complaint filed on February 3, 2015 (ECF No. 9). After Judge Cordell's dismissal, counsel for the City no longer represented her.

6.     Judge Cordell subsequently retained Brandon Shelby, who assisted her in issuing a press release regarding her dismissal, responded to Plaintiff's demand to retract the press

release, and defended her deposition.  On June 22, 2015, Plaintiff brought Judge Cordell back into this lawsuit because of the press release by filing Plaintiff's Second Amended Complaint (ECF No. 28).  Although Mr. Shelby continued to represent Judge Cordell, she contacted me on June 29, 2015 regarding potential representation.  I initially reviewed whether she would be covered by the City of Bowie's insurance to defray the cost to Judge Cordell for the defense of the claims asserted in the Second Amended Complaint.  Although coverage was denied, I decided to represent Judge Cordell anyway, taking such denial into consideration with other factors when I set my billing rate.

7.     Meanwhile, Brandon Shelby filed an answer on behalf of Judge Cordell on July 15, 2015 (ECF No. 38).  However, Scheef & Stone, LLP substituted as counsel in this lawsuit for Judge Cordell on July 24, 2015 (ECF No. 42).

8.     In providing the defense of this case, I assigned and supervised all work performed by Scheef & Stone, LLP.  The majority of the work on this case has been performed by me, with additional work performed by an associate in the firm, Reasha C. Hedke, and by an experienced paralegal in the firm, Will Hester, who assisted in organizing the evidence required to defend this case.

9.     My standard rate is $395 per hour for my services; Ms. Hedke's standard rate is $225 per hour; and Mr. Hester's standard rate is $125 per hour.  These rates are comparable to or lower than rates charged by attorneys and paralegals with similar levels of experience at similar law firms in Dallas County, Texas, in the Northern District of Texas, and comparable to rates charged by attorneys and paralegals with similar levels of experience in Wichita County, Texas, which is also in the Northern District of Texas.  This is further supported by the Texas Lawyer

annual survey of billing rates, which shows that a non-equity partner in a firm in the Dallas/Fort Worth area bills on average $391 per hour.  A true and correct copy of the survey results from Texas Lawyer is attached.  The survey also shows that a first year associate in the Dallas/Fort Worth area bills on average $225 and a fourth year associate in the Dallas/Fort Worth area on average bills $272 per hour.  As a third year associate, Ms. Hedke's rate is well within these averages.  A true and correct excerpt from the survey is attached as Exhibit 1.

10.     Although my standard billing rate is facially reasonable, because (among other factors) Judge Cordell was an individual residing in Bowie, Texas, and insurance coverage had been denied for her defense of the claims asserted in the Second Amended Complaint, I agreed to reduce my standard rate to $300 per hour to represent her in this case.  This rate is clearly below the averages for an experienced partner in the Dallas/Fort Worth area.

11.     After substituting into the case, I learned that considerable discovery had already been conducted by the other parties in the case.  In addition to the prior deposition of Judge Cordell defended by Brandon Shelby, the City had produced extensive documents from an investigation of Chief Scruggs by the Texas Rangers, including multiple statements from multiple witnesses.  I obtained much of this information from counsel for the City of Bowie.  I also obtained information from Mr. Shelby regarding the drafting and issuance of the press release.  In addition to researching for and drafting the Motion to Dismiss, I reviewed the obtained information and conferred with Judge Cordell on multiple occasions to distill the information into affidavits to support the Motion to Dismiss.  I also conferred with other witnesses to prepare their affidavits.  Meanwhile, other scheduled depositions had to be delayed by agreement of counsel for the parties.

12.     This firm subsequently timely filed an Anti-SLAPP Motion to Dismiss on behalf of Judge Cordell on August 17, 2015 (ECF No. 43) with an Appendix in support that included multiple affidavits and supporting evidence totaling more than 70 pages (ECF No. 44).  Plaintiff filed his response (ECF No. 48) with a supporting Appendix (ECF No. 49) on September 8, 2015.  Defendant filed her brief in reply on September 22, 2015 (ECF No. 52).  This Court granted the Anti-SLAPP motion by Order issued on December 17, 2015, finding that Plaintiff's claims against Judge Cordell should be dismissed with prejudice and awarding her costs, attorney's fees and expenses (ECF No. 56).  The Court requested that Judge Cordell submit to the Court documentation of her reasonable costs, attorney's fees, and expenses incurred in defending against this legal action.

13.     The litigation has been handled in the most efficient manner possible, and the Anti-SLAPP motion filed in an expeditious fashion within the parameters of Tex. Civ. Prac. & Rem. Code Chapter 27 and the Federal Rules of Procedure.  The reasonable and necessary fees were incurred in this matter performing tasks that included, but are not limited to:  preparing and filing pleadings and other papers with the court; conducting legal research; reviewing and evaluating the case to dismissal; developing, exploring and implementing legal theories and strategies to present Defendant's defense to Plaintiff's claims; investigating the facts, documents, testimony, and other evidence relevant to the dispute; reviewing legal arguments presented by Plaintiff; responding to such arguments; and preparing this fee application pursuant to the Court's Order.

14.     I have reviewed the invoices for Scheef & Stone, LLP in this matter, true and correct copies of which are attached as Exhibit 2 (although I have minimally redacted several

entries to protect attorney work product).  When I performed tasks in this case, I kept contemporaneous time records for the tasks described, as would Ms. Hedke and Mr. Hester. Although we may write down the actual time expended, before sending out the invoice for such work performed, I exercised billing judgment to reduce time expenditures for activities that might be perceived as excessive or clerical.  In fact, I did not even charge Judge Cordell for my time between June 29, 2015 and July 10, 2015 while I was deciding whether to take the case.  I also gave Judge Cordell a 10% courtesy discount on her August invoice.  The resulting time entries are self-explanatory and fully substantiate the time expended.

15.    Consequently, I spent 81.70 hours at $300/hr totaling $24,510.00; Reasha Hedke spent 6.20 hours at $225/hr totaling $1395.00; and Will Hester spent 4.70 hours at $125/hr totaling $587.50.   Therefore, the total fees were $26,492.00.   After subtracting the August $709.50 courtesy discount, Judge Cordell incurred $25,782.50 in fees with Scheef & Stone, LLP in the defense of this matter.

16.    Moreover, in the further exercise of billing judgment, I have subsequently excluded several entries because, in my opinion, they were not necessarily related to the defense of this action.  In addition to seeking my representation in this action, Judge Cordell also consulted with me regarding her rights and protections in her employment as a municipal judge with the City of Bowie.  Since this consultation was not in furtherance of the defense of the claims asserted by Plaintiff against Judge Cordell, I have excluded the time entries related to such consultation.

17.    After I reviewed my time and exercised critical billing judgment, my reasonable fees were reduced by 4.10 hours or another $1,230.00.  Consequently, in addition to the prior

courtesy discount, I have shaved off an additional 5% of my fees in the exercise of billing judgment. These deducted entries are reflected in the additional time statement attached hereto as Exhibit 3.

18. Therefore, considering the reasonable number of hours that is being sought and the reasonable billing rates of those involved from Scheef & Stone, LLP, the total amount of attorney's fees incurred by Scheef & Stone, LLP for the defense of this action is $24,552.50.

19. I attest that all of the time spent by me (except for the time reduced) and others at Scheef & Stone, LLP was necessary for the successful defense of this case on behalf of Judge Cordell, and the fees incurred were reasonable.[1] In making this evaluation, I also considered: the time and labor involved; the novelty of the Texas Anti-SLAPP statute and its dismissal procedure; the skills those performing the services possessed; the likelihood that acceptance of this employment at that time and under those time constraints precluded other hourly employment by me; the customary fees in the Northern District of Texas for similar work; the fact my professional business model does not support contingency based work; the time limitations imposed by the Texas Anti-SLAPP statute and the filing of the Second Amended Complaint against Defendant; the favorable result obtained for Defendant, whose professional reputation was at stake; the experience, reputation and ability of those performing the services; the fact Defendant, as a new client and an individual (rather than a corporation) without insurance coverage, may have difficulty paying the hourly fees; and other awards of attorney

[1] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) requires the Court to consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar services in the locality; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; and, (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19; *see also Arthur Andersen Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)(outlining similar factors for Texas state courts).

fees in similar cases. I also considered the amount of evidence to be sought, the discovery required, and the unique facts and circumstances of this case implicating Defendant's First Amendment right to comment on an ongoing matter of public concern that also affected her personal and professional reputation in the community.

20.     In addition, the total amount of expenses incurred by Scheef & Stone, LLP in the defense of this action after Plaintiff filed his Second Amended Complaint is $939.17. These expenses are reasonable and not normally absorbed as part of a law firm's overhead, but are the type of expenses that are normally billed to a client. These expenses are also reasonable and appropriate for this type of case.

21.     Accordingly, the total reasonable and necessary attorneys' fees, costs and expenses incurred by Scheef & Stone, LLP in defending against the Second Amended Complaint are $25,491.67, including fees, costs and expenses incurred up to and including this submission.

22.     Plaintiff has also filed an objection to the Court's Order issued December 17, 2015 and has further moved to set it aside. Consequently, it is anticipated that Defendant will incur additional time and expense briefing the issue raised in Plaintiff's objection. I anticipate that briefing these issues will add at least an additional 12 hours of my time, totaling an additional $3,600.00.

23.     If Plaintiff makes an unsuccessful appeal from this lawsuit to the United States Court of Appeals for the Fifth Circuit, I am of the opinion that $25,000 would be a reasonable fee for services performed by Scheef & Stone, LLP on appeal.

24.     Further, I am of the opinion that $35,000 would be a reasonable fee for services performed by Scheef & Stone, LLP on appeal of this cause to the United States Supreme Court.

25. My opinions expressed herein are based upon all information received to date. I reserve the right to supplement this affidavit and its conclusions subject to any additional information made available to me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 31, 2015.

Douglas C. Bracken

# HOURLY BILLING RATES

| | Equity Partner 2015 | Equity Partner 2014 | Percent Change | Non-Equity Partner 2015 | Non-Equity Partner 2014 | Percent Change | 7th-Year Associate 2015 | 7th-Year Associate 2014 | Percent Change |
|---|---|---|---|---|---|---|---|---|---|
| Survey Median Averages | $383 | $375 | 2.1% | $345 | $338 | 2.1% | $295 | $290 | 1.7% |
| Median Averages by City | – | – | – | – | – | – | – | – | – |
| Austin/San Antonio | $325 | $320 | 1.6% | $300 | $290 | 3.4% | $250 | $248 | 0.8% |
| Dallas/Fort Worth | $428 | $425 | 0.7% | $391 | $381 | 2.6% | $305 | $303 | 0.7% |
| Houston | $400 | $393 | 1.8% | $359 | $352 | 2.0% | $300 | $300 | 0.0% |
| Other | $345 | $335 | 3.0% | $300 | $290 | 3.4% | $275 | $275 | 0.0% |
| Median Averages by Firm Size | – | – | – | – | – | – | – | – | – |
| 100+ | $448 | $444 | 0.9% | $391 | $381 | 2.6% | $318 | $310 | 2.6% |
| 50-99 | $560 | $550 | 1.8% | $478 | $473 | 1.1% | $515 | $500 | 3.0% |
| 30-49 | $468 | $455 | 2.9% | $368 | $358 | 2.8% | $293 | $283 | 3.5% |
| <30 | $350 | $345 | 1.4% | $280 | $280 | 0.0% | $275 | $263 | 4.6% |

| | 4th-Year Associate 2015 | 4th-Year Associate 2014 | Percent Change | 1st-Year Associate 2015 | 1st-Year Associate 2014 | Percent Change | Sr. Paralegal 2015 | Sr. Paralegal 2014 | Percent Change |
|---|---|---|---|---|---|---|---|---|---|
| Survey Median Averages | $259 | $253 | 2.4% | $200 | $195 | 2.6% | $138 | $135 | 2.2% |
| Median Averages by City | – | – | – | – | – | – | – | – | – |
| Austin/San Antonio | $200 | $195 | 2.6% | $175 | $175 | 0.0% | $75 | $75 | 0.0% |
| Dallas/Fort Worth | $272 | $262 | 3.8% | $225 | $220 | 2.3% | $173 | $168 | 3.0% |
| Houston | $260 | $263 | -1.1% | $200 | $200 | 0.0% | $143 | $140 | 2.1% |
| Other | $250 | $250 | 0.0% | $198 | $192 | 3.1% | $100 | $100 | 0.0% |
| Median Averages by Firm Size | – | – | – | – | – | – | – | – | – |
| 100+ | $274 | $266 | 3.0% | $241 | $236 | 2.1% | $175 | $170 | 2.9% |
| 50-99 | $435 | $425 | 2.4% | $355 | $345 | 2.9% | $213 | $203 | 4.9% |
| 30-49 | $250 | $245 | 2.0% | $190 | $185 | 2.7% | $158 | $153 | 3.3% |
| <30 | $225 | $220 | 2.3% | $175 | $175 | 0.0% | $100 | $96 | 4.2% |

*Source: 83 firms*

Scheef & Stone, L.L.P.
500 N. Akard, Suite 2700
Dallas, Texas 75201
(214) 706-4200

INVOICE

---

Darla Cordell

07/26/2015
Account No: 8694-101
Invoice No: 846517

Matter 101 - David Scruggs

| | | | Hours | |
|---|---|---|---|---|
| 06/29/2015 | DCB | Review correspondence regarding Darla Cordell; conduct research regarding same. | 0.30 | n/c |
| 06/30/2015 | DCB | Review pleadings on file to determine if might take case; telephone conference with Ms. Cordell. | 0.30 | n/c |
| 07/06/2015 | DCB | Telephone conference with Steve Henninger regarding TML; review follow up correspondence regarding TML coverage contacts; draft correspondence to Ms. Cordell regarding potential representation; review response to schedule time for conference. | 0.50 | n/c |
| 07/07/2015 | DCB | Draft correspondence to schedule time to talk with Darla Cordell; review response confirming time for conference; telephone conference with Ms. Cordell; telephone call to Steve Henninger and leave message; draft correspondence to Ms. Cordell to confirm same. | 0.30 | n/c |
| 07/08/2015 | DCB | Review correspondence from Darla Cordell regarding city council meeting , requesting whether will take case and next city meeting; telephone message from Steve Henninger regarding case; draft correspondence requesting next scheduled council meeting; review response from Ms. Cordell; draft response regarding availability and strategy. | 0.30 | n/c |
| 07/09/2015 | DCB | Review response from Darla Cordell regarding obtaining copy of denial of coverage by TML. | 0.10 | n/c |
| 07/10/2015 | DCB | Draft correspondence to Darla Cordell regarding discussing options; review response to schedule time for meeting. | 0.10 | |
| 07/13/2015 | DCB | Telephone conference with Steve Henninger regarding City council meetings; draft correspondence to Darla Cordell regarding same; review response from Ms. Cordell regarding meeting with HR and Mayor; review TML coverage document received from Mr. Henninger for potential coverage for Ms. Cordell. | 0.80 | -.20 |

13

Darla Cordell

07/26/2015
Account No: 8694-101
Invoice No: 846517

Matter 101 - David Scruggs

| Date | Initials | Description | Hours |
|---|---|---|---|
| 07/15/2015 | DCB | Review correspondence from Darla Cordell to confirm scheduled meeting; draft response to same. | 0.10 |
| 07/16/2015 | DCB | Review information in file from Darla Cordell; meeting with Ms. Cordell in office; conduct legal research regarding potential claims and defenses. | 1.50 |
| 07/17/2015 | DCB | Review letter from TML denying coverage received from Darla Cordell; review correspondence from Ms. Cordell regarding meeting with Mayor; draft response to Ms. Cordell regarding potential letter to City; conduct legal research for same; draft initial letter to City regarding potential liability for harassment and retaliation; review correspondence from Ms. Cordell confirming answer filed by current lawyer; conduct additional legal research regarding potential protective order; draft correspondence to Ms. Cordell regarding same; review response from Ms. Cordell regarding whole Scruggs clan; draft response to try to include same and requesting prior efforts at protective order; review response regarding grand jury and cancellation of same; conduct legal research regarding stalking; draft correspondence explaining difference between stalking protective orders available, and no indictment needed for one type; review request from Ms. Cordell regarding case against City; draft response | 2.00 |
| 07/18/2015 | DCB | Review correspondence from Darla Cordell explaining emotional distress. | 0.10 |
| 07/20/2015 | DCB | Review correspondence from Darla Cordell regarding emotional distress suffered; draft correspondence in response regarding action to take at this time; review answer filed by Brandon Shelby and compare with amended complaint; review deadlines in case; conduct legal research regarding defamation claims asserted and defenses asserted in answer. | 0.80 |
| | WLH | Review email from D Bracken requesting a copy of the answer filed by Brandon Shelby; access Pacer.gov and retrieve copy of answer then forward to D Bracken. | 0.10 |
| 07/21/2015 | DCB | Review correspondence from Darla Cordell forwarding prior lawyer's letter to City regarding protective order; review prior research regarding protective order and proceeding to obtain same; conference with Steve Henninger regarding status of case; draft correspondence to Ms. Cordell regarding same; review correspondence from Mr. Henninger forwarding deposition notice and information regarding service; draft correspondence to Ms. Cordell asking when served; review response from Ms. Cordell regarding date prior lawyer accepted service; conduct legal research regarding anti-SLAPP motion and time to file same; draft correspondence to Ms. Cordell regarding same; confer with Will Hester regarding information needed going forward; review newspaper article published by Wichita Falls newspaper; draft outline for strategy and provide notice of vacation; review response from Ms. Cordell; review research regarding Texas anti-SLAPP motion upheld by federal court; draft motion to substitute as counsel. | 3.80 |

- .70

- .70

14

Darla Cordell 07/26/2015

Account No: 8694-101
Invoice No: 846517

Matter 101 - David Scruggs

| Date | Timekeeper | Description | Hours | |
|---|---|---|---|---|
| | WLH | Receive and review fax from D Cordell regarding attorney client agreement and forward to D Bracken; research article published by the Wichita Falls Tribune regarding public statement issued by D Cordell through Cordell's attorney; conference with D Bracken regarding Anti-SLAPP motion and docket deadline to file; review anti-SLAPP matter filed in the Southern District and forward to D Bracken. | 0.30 | |
| 07/22/2015 | DCB | Review correspondence from Darla Cordell requesting next steps for substitution of counsel; draft response to same; review and revise motion to substitute counsel; conduct legal research regarding anti-SLAPP motion to dismiss based on free speech; telephone call to Stephen Henninger regarding motion to substitute counsel and potential stay of discovery for anti-SLAPP motion; draft correspondence to Mr. Henninger to follow up same; telephone conference with withdrawing counsel, Brandon Shelby; draft correspondence to Mr. Shelby; draft correspondence to Darla Cordell regarding same. | 1.20 | |
| 07/23/2015 | DCB | Review correspondence from Steve Henninger to schedule conference call; telephone conference with Mr. Henninger; draft correspondence to opposing counsel, Nick O'Kelly, regarding motion to substitute; review approval of same from Mr. O'Kelly; review signed engagement letter received from Ms. Cordell; draft response to Ms. Cordell; review information received from Brandon Shelby including emails and information sent to media outlets and regarding requested retraction of same; review deposition of Ms. Cordell received from Mr. Henninger; draft correspondence to Ms. Cordell to forward same; forward motion to substitute counsel to Mr. Shelby; review approval of same; review and revise proposed order; prepare same for filing with court; forward copy of same to Ms. Cordell; conduct legal research for anti-SLAPP motion; draft correspondence to Ms. Cordell requesting additional information; review response regarding same; draft response confirming document already forwarded. | 1.30 | |
| | WLH | Review email from D Bracken regarding file documents sent via email from Brandon Shelby to be moved to the DMS; transfer documents to the DMS. | 0.50 | |
| 07/24/2015 | DCB | Review order signed by court confirming substitution of counsel; review correspondence from Darla Cordell with changes to her deposition; draft correspondence to Steve Henninger regarding same. | 0.20 | |
| | | For Current Services Rendered | 12.80 | 3,682.50 |

Recapitulation

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Will Hester | 0.90 | $125.00 | $112.50 |
| Douglas Bracken | 11.90 | 300.00 | 3,570.00 |

Total Current Services and Expenses 3,682.50

Darla Cordell

07/26/2015
Account No: 8694-101
Invoice No: 846517

Matter 101 - David Scruggs

| | | |
|---|---|---|
| 08/07/2015 | Payment from client funds matter .100 - thank you | -3,682.50 |
| | Balance Due | $0.00 |

TERMS: DUE AND PAYABLE UPON RECEIPT

Scheef & Stone, L.L.P.
500 N. Akard, Suite 2700
Dallas, Texas 75201
(214) 706-4200

INVOICE

---

Darla Cordell

08/25/2015
Account No: 8694-101
Invoice No: 848307

Matter 101 - David Scruggs

| Date | Initials | Description | Hours |
|---|---|---|---|
| 07/26/2015 | DCB | Review signed order from court granting motion to substitute; forward same to Ms. Cordell. | 0.10 |
| 07/28/2015 | DCB | Review correspondence from Steve Henninger regarding rescheduling depositions; draft correspondence to Mr. Henninger confirming rescheduling depositions desired; review response regarding status of rescheduling of depositions; review correspondence from opposing counsel confirming dates for depositions; review response from Mr. Henninger; draft correspondence to Darla Cordell regarding same; review response from Ms. Cordell. | 0.30 |
| 07/30/2015 | DCB | Review correspondence from Steve Henninger confirming dates for depositions of City employees; review new deposition notices received from opposing counsel; draft correspondence to Darla Cordell regarding same; review response from Ms. Cordell requesting relief from City Council meetings. | 0.20 |
| 08/04/2015 | DCB | Review correspondence from Darla Cordell regarding changes to her position and to her clerk's position at the City of Bowie; draft response to same; review reply from Ms. Cordell explaining attended council meeting regarding her clerk. | 0.20 - .20 |
| 08/05/2015 | DCB | Review correspondence from Darla Cordell regarding council meeting; draft correspondence in response; review her further explanation of council meeting. | 0.20 - .20 |
| 08/06/2015 | DCB | Review correspondence from Darla Cordell regarding mayor's changes to job description; draft questions in response; review replies from Ms. Cordell. | 0.20 - .20 |
| 08/07/2015 | DCB | Review correspondence from Darla Cordell and photo from council meeting; conduct legal research and outline for motion to dismiss. | 0.50 |

Darla Cordell

08/25/2015
Account No: 8694-101
Invoice No: 848307

Matter 101 - David Scruggs

| Date | | | Hours |
|---|---|---|---|
| 08/10/2015 | WLH | Review email from D Bracken requesting copy of Doc 51 filed in Williams v Cordillera Communications; email D Bracken copy of Doc 51. | 0.10 |
| | DCB | Review correspondence from counsel for City of Bowie, Steve Henninger, requesting status of potential anti-SLAPP motion; draft response to same regarding intention to file motion to dismiss and requesting schedule for depositions; review response from Mr. Henninger outlining deposition schedule; draft additional correspondence clarifying schedule; review response from Mr. Henninger regarding same; begin drafting motion to dismiss; conduct legal research regarding motion | 1.80 |
| 08/12/2015 | DCB | Continue to draft motion to dismiss; review documents to attach as exhibits; draft correspondence to counsel for City of Bowie, Steve Henninger, regarding same; review response to confirm time to discuss; draft reply to same; review various emails and correspondence regarding press release sent to media outlets; draft correspondence to former counsel, Brandon Shelby, regarding affidavit regarding same. | 3.40 |
| 08/13/2015 | DCB | Draft correspondence to Steve Henninger to request time for conference; telephone conference with Mr. Henninger; review initial disclosures served in case received from Mr. Henninger; draft correspondence to Darla Cordell requesting conference; telephone conference with Ms. Cordell regarding facts of motion; continue to draft motion to dismiss regarding facts; draft correspondence to Steve Henninger regarding facts and exhibits for same; telephone conference with Mr. Henninger; draft correspondence to Ms. Cordell requesting telephone conference; additional telephone conference with Ms. Cordell regarding facts for motion to dismiss; continue to draft motion to dismiss; request opportunity to confer with Guy Green regarding potential affidavit. | 2.60 |
| 08/14/2015 | WLH | Review email from D Bracken requesting declarations from Guy Green and Darla Cordell be converted to usable form for exhibits in the Motion to Dismiss; convert documents and email to D Bracken and K Bates. | 0.20 |
| | DCB | Telephone conference with Darla Cordell regarding facts of claims; review correspondence from Steve Henninger regarding contacting Guy Green and others for affidavits; draft proposed affidavits for Guy Green and Doug Page; review correspondence confirming conference with Green and Page; review fax information from Ms. Cordell regarding contacts with Scruggs; request faxed information to be sent via scan and email; review response confirming same; review information sent via email; review and revise motion to dismiss; draft correspondence to Ms. Cordell requesting if on agenda for city council meeting; review response confirming same; telephone conference with Mr. Henninger and Green and Page regarding affidavits; revise affidavits accordingly; telephone conference with Mr. Henninger and partner Tom Brandt regarding motion to dismiss and suspension of discovery when same filed; draft correspondence to Green and Page for review of affidavits. (handwritten: - .10) | 3.90 |
| 08/16/2015 | DCB | Review response from counsel for City, Tom Brandt, regarding affidavits | |

Darla Cordell

| | |
|---|---|
| | 08/25/2015 |
| Account No: | 8694-101 |
| Invoice No: | 848307 |

Matter 101 - David Scruggs

| Date | Atty | Description | Hours | |
|---|---|---|---|---|
| | | for Green and Page; work on facts section for anti-SLAPP motion; draft affidavits for Darla Cordell and Brandon Shelby. | 2.50 | |
| 08/17/2015 | WLH | Conference with D Bracken regarding research of article published by the Wichita Falls Times; draft affidavit stating research of article and forward to D Bracken. | 0.30 | |
| | DCB | Draft correspondence to counsel for City, Tom Brandt, regarding affidavits for Guy Green and Doug Page; review and revise affidavit for Brandon Shelby; draft correspondence to Brandon Shelby regarding affidavit; draft correspondence forwarding affidavit to Darla Cordell; review response from Ms. Cordell; draft reply regarding same; conduct research for example of Anti-SLAPP act applied in local federal court; draft correspondence forwarding same to Mr. Brandt; draft request to Mr. Brandt for assistance with Green and Page affidavits; telephone conferences with Mr. Brandt, Green and Page regarding affidavits; telephone conference with Mr. Shelby regarding his affidavit; review exhibits received from Mr. Shelby for his affidavit; review and revise affidavits; forward affidavits to Green, Page and Shelby; review and revise anti-SLAPP motion; conduct legal research for same; review and revise appendix for same; review signed affidavits received from Green, Page and Shelby; draft affidavit for Will Hester; review signed affidavit from Hester; draft correspondence to opposing counsel regarding filing of anti-SLAPP motion; review response from Mr. Brandt confirming deposition not going forward; review response from opposing counsel confirming same; review and revise Page affidavit; review signed Page affidavit; review and revise Cordell affidavit; forward same to Ms. Cordell; review signed affidavit received from Ms. Cordell; exchange correspondence regarding formatting; resend affidavit as PDF file; review final signed affidavit from Ms. Cordell; review exhibits for affidavits and prepare appendix for filing; draft and revise proposed order granting anti-SLAPP motion; review and revise table of contents and table of authorities; review and revise anti-SLAPP motion; prepare same for filing; review confirmation motion filed. | 6.60 | |
| 08/18/2015 | DCB | Review correspondence from Darla Cordell regarding attendance at city council meeting; draft correspondence in response; draft correspondence to Ms. Cordell forwarding anti-SLAPP motion to dismiss filed with court; review response regarding her review of same; forward correspondence to Ms. Cordell confirming depositions canceled; draft response to Ms. Cordell requesting if written confirmation regarding attendance at city council meeting; review responses from Ms. Cordell regarding same; telephone conference with City Manager, Ricky Tow, confirming attendance not necessary; draft correspondence to Ms. Cordell confirming same; review response from Ms. Cordell. | - .10<br>- .36<br>0.70 | |
| 08/19/2015 | DCB | Review correspondence from counsel for City of Bowie requesting confirmation depositions of City employees canceled; review response from opposing counsel confirming same; forward same to Darla Cordell. | 0.20 | |
| | | For Current Services Rendered | 24.00 | 7,095.00 |

Darla Cordell

08/25/2015
Account No: 8694-101
Invoice No: 848307

Matter 101 - David Scruggs

| | Hours | |
|---|---|---|
| COURTESY DISCOUNT | | -709.50 |
| Net Fees After Courtesy Discount | | 6,385.50 |

Recapitulation

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Will Hester | 0.60 | $125.00 | $75.00 |
| Douglas Bracken | 23.40 | 300.00 | 7,020.00 |

| | |
|---|---|
| Total Current Services and Expenses | 6,385.50 |
| Balance Due | $6,385.50 |

TERMS: DUE AND PAYABLE UPON RECEIPT

BLANK

PAGE

Scheef & Stone, L.L.P.
500 N. Akard, Suite 2700
Dallas, Texas 75201
(214) 706-4200

INVOICE

---

Darla Cordell

09/25/2015
Account No: 8694-101
Invoice No: 849955

Matter 101 - David Scruggs

| Date | | Description | Hours | |
|---|---|---|---|---|
| 08/27/2015 | DCB | Review correspondence from counsel for City, Steve Henninger, regarding motion to amend scheduling order; draft response confirming same. | 0.10 | |
| 08/28/2015 | DCB | Review correspondence from Darla Cordell with copies of medical records; review medical records; draft correspondence to Ms. Cordell regarding contact with attorney for City, Art Rodriguez, regarding council meeting; review response from Ms. Cordell regarding time remaining for contacting Mr. Rodriguez; review correspondence from counsel for City, Steve Henninger, regarding continuance in light of pending motion to dismiss; review response from opposing counsel confirming same; review reply from Mr. Henninger; draft response to same. | 0.30 | -.10 |
| 08/31/2015 | DCB | Review response from Ms. Cordell regarding next council meeting; draft response to same regarding scheduling call to Art Rodriguez; review correspondence from counsel for City, Steve Henninger, regarding potentially rescheduling mediation; draft correspondence to Darla Cordell regarding same; review response from Ms. Cordell and requesting status of City response to motion to dismiss; draft reply to same. | 0.40 | -.10 |
| 09/01/2015 | DCB | Review correspondence among counsel regarding extension of deadlines; review correspondence from Steve Henninger will draft joint motion; draft confirmation of same; draft correspondence to Darla Cordell regarding same; review proposed joint motion for continuance received from Mr. Henninger; draft correspondence with suggested changes; review confirmation from opposing counsel; review confirmation same filed with court; forward copy of same to Ms. Cordell. | 0.30 | |
| 09/02/2015 | WLH | Review email from D Bracken regarding the Order granting joint motion to amended scheduling order and docket amended deadlines and trial setting (0.3 hr). | 0.30 | |
| | DCB | Review order signed by court granting motion to amend scheduling order. | 0.10 | |



Darla Cordell

| | |
|---|---|
| | 09/25/2015 |
| Account No: | 8694-101 |
| Invoice No: | 849955 |

Matter 101 - David Scruggs

| Date | | Description | Hours |
|---|---|---|---|
| 09/03/2015 | WLH | Review email from D Bracken regarding deadlines sent to him by Steve Henniger that were not addressed in the Amended Scheduling Order; review Amended Scheduling Order, Original Order, and dates provided by Steve Henniger to calculate current dates for deadlines not addressed in the Amended Scheduling Order. | 0.50 |
| | DCB | Review correspondence from Steve Henninger regarding dates not included in motion to revise scheduling order; review dates outlined; review response from opposing counsel confirming dates; draft response to opposing counsel confirming dates not revised yet; review his response confirming same; review additional request from Mr. Henninger regarding mediation deadline; confer with Will Hester to review dates and reschedule same; review new dates for deadlines; draft correspondence to opposing counsel forwarding same for review and comment. | 0.50 |
| 09/08/2015 | DCB | Review correspondence from counsel for City, Steve Henninger, regarding moving mediation; review response from opposing counsel; review correspondence from opposing counsel to mediator to change mediation date; draft correspondence to Darla Cordell to confirm same; review response from Ms. Cordell; review correspondence from mediator confirming mediation canceled; review proposed motion to amend scheduling order received from Mr. Henninger; draft correspondence in response; review response from opposing counsel approving same; draft correspondence approving same; review notice same filed with court; review response to motion to dismiss filed by opposing counsel; review affidavits in support; draft correspondence to Darla Cordell regarding major points from same; review response from Ms. Cordell regarding same; review document previously drafted by Ms. Cordell in response to Scruggs allegations; draft correspondence to Reasha Hedke regarding research for reply brief. | 1.20 |
| 09/09/2015 | WLH | Review ECF Notice regarding Second Joint Motion to Amend Scheduling Order; review Plaintiff's response to Motion to Dismiss and docket deadline to file reply. | 0.30 |
| | RCH | Review Plaintiff's response; strategy conference with D. Bracken regarding reply. | 1.20 |
| | DCB | Meeting with Reasha Hedke regarding research for reply to response to motion to dismiss; review notice second amended scheduling order filed. | 0.30 |
| 09/10/2015 | WLH | Review 2nd Amended Scheduling Order and modify docket to reflect updates. | 0.25 |
| | DCB | Review Darla Cordell's response to Scruggs allegations; draft correspondence to Mr. Cordell regarding same; review her response. | 0.30 |
| 09/11/2015 | DCB | Telephone conference with counsel for city, Art Rodriguez, regarding city council meeting; draft correspondence to Darla Cordell regarding same; review correspondence from Ms. Cordell confirming not on agenda for upcoming city council meeting; draft correspondence to Mr. Rodriguez to follow up telephone conference; review response from Ms. Cordell regarding conference with Mr. Rodriguez. | 0.40 |

-.40

Darla Cordell

Matter 101 - David Scruggs

| | |
|---|---|
| | 09/25/2015 |
| Account No: | 8694-101 |
| Invoice No: | 849955 |

| Date | | Description | Hours | | |
|---|---|---|---|---|---|
| 09/12/2015 | DCB | Review correspondence from Darla Cordell regarding agenda. | 0.10 | | |
| 09/14/2015 | DCB | Telephone call to Art Rodriguez regarding attendance at council meeting; telephone conference with Mr. Rodriguez; review follow up correspondence from Mr. Rodriguez; draft response to same; draft correspondence to Darla Cordell regarding same; review response from Ms. Cordell; exchange further correspondence regarding council meeting strategy; review information from Ms. Cordell regarding Scruggs for reply to response to motion to dismiss; review statements from Guy Green and Rick Beckham regarding motion to dismiss. | 0.60 | -.30 | |
| 09/15/2015 | DCB | Review correspondence from Darla Cordell regarding council meeting; draft response to same; telephone call to Art Rodriguez regarding same. | 0.30 | -.30 | |
| 09/16/2015 | DCB | Draft correspondence to Darla Cordell requesting how city council meeting went; review response from Ms. Cordell; draft correspondence confirming handled well. | 0.20 | -.20 | |
| 09/17/2015 | DCB | Review correspondence from Darla Cordell requesting status of anti-SLAPP. | 0.10 | | |
| 09/20/2015 | DCB | Work on reply to response to motion to dismiss; conduct legal research for same; review and revise response. | 5.80 | | |
| 09/21/2015 | WLH | Review email from D Bracken requesting copy of original complaint; access document via Pacer.gov and retrieve copy of original complaint; email copy of the original complaint to D Bracken. | 0.25 | | |
| | RCH | Research Texas Anti-SLAPP requirements. | 3.20 | | |
| | DCB | Work on reply to response to motion to dismiss; conduct legal research for same; review and revise response; review correspondence from Darla Cordell requesting status of reply briefing; draft response to Ms. Cordell regarding may need her help; review response confirming same. | 8.40 | | |
| 09/22/2015 | RCH | Attorney conference with D. Bracken regarding public official and limited purpose public figure status; finalize research and prepare summary to email to D. Bracken. | 1.80 | | |
| | DCB | Review and revise reply to response to motion to dismiss; review research from Reasha Hedke; conference with Ms. Hedke regarding same; revise reply brief; prepare same for filing; prepare Cordell's deposition for filing with court; review confirmation brief and appendix filed with court. | 5.70 | | |
| 09/23/2015 | DCB | Review confirmation from court of re-filing of appendix; draft correspondence to Darla Cordell forwarding filed reply brief; review response from Ms. Cordell requesting timeline; draft response to Ms. Cordell explaining procedure; review response from Ms. Cordell. | 0.30 | | |
| | | For Current Services Rendered | 33.20 | | 9,215.00 |
| | | COURTESY DISCOUNT | | | -1,382.25 |

Darla Cordell

09/25/2015

Account No: 8694-101

Invoice No: 849955

Matter 101 - David Scruggs

| | Hours | |
|---|---|---|
| Net Fees After Courtesy Discount | | 7,832.75 |

Recapitulation

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Reasha C. Hedke | 6.20 | $225.00 | $1,395.00 |
| Will Hester | 1.60 | 125.00 | 200.00 |
| Douglas Bracken | 25.40 | 300.00 | 7,620.00 |

| Date | Description | Amount |
|---|---|---|
| 08/18/2015 | Overnight Delivery (1) Federal Express | 12.85 |
| 08/31/2015 | Computerized legal research (1013) Thomson Reuters - West | 214.05 |
| | Total Expenses | 226.90 |
| | Total Current Services and Expenses | 8,059.65 |
| | Previous Balance | $6,385.50 |
| 09/09/2015 | Payment from client funds 8694.100 - thank you | -1,317.50 |
| 09/18/2015 | Payment - thank you - VISA | -5,000.00 |
| | Total Payments | -6,317.50 |
| | Balance Due | $8,127.65 |

Past Due Amounts

| 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
|---|---|---|---|---|---|
| 0.00 | 68.00 | 0.00 | 0.00 | 0.00 | 0.00 |

TERMS: DUE AND PAYABLE UPON RECEIPT

Scheef & Stone, L.L.P.
500 N. Akard, Suite 2700
Dallas, Texas 75201
(214) 706-4200

INVOICE

---

Darla Cordell

10/25/2015
Account No: 8694-101
Invoice No: 851644

Matter 101 - David Scruggs

| | | | Hours | |
|---|---|---|---|---|
| 10/06/2015 | DCB | Review correspondence from mediator regarding rescheduling mediation; review response from opposing counsel confirming case abated until ruling on motion to dismiss; draft correspondence to Darla Cordell regarding same. | 0.20 | |
| | | For Current Services Rendered | 0.20 | 60.00 |

Recapitulation

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Douglas Bracken | 0.20 | $300.00 | $60.00 |

| | | |
|---|---|---|
| 09/20/2015 | Computerized legal research (1013) Thomson Reuters - West | 704.67 |
| 09/25/2015 | Filing fee 3rd Quarter Pacer | 7.60 |
| | Total Expenses | 712.27 |
| | Total Current Services and Expenses | 772.27 |
| | Previous Balance | $8,127.65 |
| 10/14/2015 | Payment via Discover credit card - thank you | -8,127.65 |
| | Balance Due | $772.27 |

TERMS: DUE AND PAYABLE UPON RECEIPT

Scheef & Stone, L.L.P.
500 N. Akard, Suite 2700
Dallas, Texas 75201
(214) 706-4200

INVOICE

Darla Cordell

11/23/2015
Account No: 8694-101
Invoice No: 853034

Matter 101 - David Scruggs

| Date | Timekeeper | Description | Hours | |
|---|---|---|---|---|
| 11/11/2015 | WLH | Review and respond to email from D Bracken regarding deadline for Judge to enter ruling on Anti-SLAPP motion. | 0.10 | |
| | DCB | Review correspondence from City's counsel, Steve Henninger, requesting status of motion to dismiss; draft response to same; review status of deadline for court to rule; draft response to Mr. Henninger; review ; draft correspondence to Mr. Henninger confirming ; review response to same. | 0.30 | |
| 11/13/2015 | DCB | Review correspondence from mediator requesting status of mediation scheduling; review response from counsel for Scruggs denying mediation until court rules; draft correspondence to Darla Cordell forwarding same and outlining status of motion and case; review response from Ms. Cordell. | 0.30 | |
| | | For Current Services Rendered | 0.70 | 192.50 |

Recapitulation

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Will Hester | 0.10 | $125.00 | $12.50 |
| Douglas Bracken | 0.60 | 300.00 | 180.00 |

| | |
|---|---|
| Total Current Services and Expenses | 192.50 |
| Previous Balance | $772.27 |
| Balance Due | $964.77 |

Past Due Amounts

| 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
|---|---|---|---|---|---|
| 772.27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Darla Cordell

11/23/2015
Account No: 8694-101
Invoice No: 853034

Matter 101 - David Scruggs

TERMS: DUE AND PAYABLE UPON RECEIPT

Scheef & Stone, L.L.P.
500 N. Akard, Suite 2700
Dallas, Texas 75201
(214) 706-4200

INVOICE

---

Darla Cordell

12/31/2015
Account No: 8694-101
Invoice No: 854780

Matter 101 - David Scruggs

DRAFT STATEMENT

| | | | Hours |
|---|---|---|---|
| 12/02/2015 | DCB | Telephone conference with Steve Henninger regarding motion for continuance; review correspondence from Mr. Henninger to opposing counsel regarding same; review Second Motion for Continuance and Third Amended Scheduling Order forwarded by Mr. Henninger to opposing counsel for review; review response from opposing counsel approving of same; review response from Mr. Henninger requesting confirmation; review and revise proposed motion and scheduling order; draft response confirming proposed drafts acceptable with changes; review confirmation motion filed; draft correspondence to Darla Cordell regarding same. | 0.60 |
| 12/03/2015 | DCB | Review correspondence from Darla Cordell confirming status of motion to dismiss. | 0.10 |
| 12/04/2015 | DCB | Review correspondence from mediator requesting status; review response from opposing counsel to mediator confirming matter still not ripe for mediation. | 0.20 |
| 12/15/2015 | WLH | Review email from D Bracken requesting status of filings in the matter; access Pacer.gov to review the case docket; email D Bracken to advise the Motion to Continue is the last document filed. | 0.20 |
| | DCB | Review correspondence from Darla Cordell requesting status and advising of trial of criminal charge; review status of docket in case; draft correspondence to City's counsel regarding same; review response from City's counsel; draft correspondence to Ms. Cordell confirming status; review reply from Ms. Cordell. | 0.30 |
| 12/17/2015 | WLH | Review Order granting Motion to Dismiss Cordell. | 0.20 |
| | DCB | Review correspondence from court regarding order; review order granting motion to dismiss in detail; draft correspondence to Darla Cordell regarding order granting motion to dismiss; review order granting continuance; draft correspondence to Ms. Cordell regarding status of case after continuance; review correspondence from Ms. Cordell | |

| | | | Hours |
|---|---|---|---|
| | | regarding order to dismiss; telephone call to Stephen Henninger regarding order to dismiss and regarding attorney fees; telephone conference with Brandon Shelby to request information regarding his attorney fees incurred during defense of case; review voice mail from television news reporter; review correspondence from Ms. Cordell regarding contact by news people; draft response to ignore same; draft correspondence to Mr. Shelby to follow up request for invoices; conduct legal research for attorney fee declaration. | 2.40 |
| 12/18/2015 | DCB | Review correspondence from Darla Cordell regarding order to dismiss; draft response to Ms. Cordell regarding same; telephone conference with City's counsel, Steve Henninger, regarding order to dismiss and attorney fees; draft correspondence to Darla Cordell regarding same; review response from Ms. Cordell to same; conduct legal research for attorney fee application; review attorney fee application received from Jim Pikl; request billing information from Will Hester and Amy Gray for attorney fees and costs; review correspondence from Brandon Shelby regarding invoices; review attorney fees invoices from Mr. Shelby. | 1.80 |
| 12/21/2015 | WLH | Review email from D Bracken requesting invoices from S&S accounting and attached documents from Shelby Law be organized for preparation to file for attorney fees and expenses; review email with attached accounting from A Gray reflecting fees; review and calculate total fees for both S&S and Shelby Law; provide hard copies of documents and calculation to D Bracken. | 0.70 |
| | DCB | Review status of invoices for attorney fees including expenses; review article received from Will Hester; review invoices from Brandon Shelby for attorney fees application; draft response to Mr. Shelby; conduct legal research for attorney fees application. | 1.20 |
| 12/22/2015 | DCB | Review correspondence from Darla Cordell regarding whether issues resolved; draft response to same; conduct legal research for application for attorney fees. | 0.70 |
| 12/23/2015 | DCB | Conduct legal research regarding fees and costs in 5th Circuit and Northern District of Texas; review fee invoices; review objection to Court's order filed by opposing counsel. | 1.40 |
| 12/28/2015 | WLH | Conference with D Bracken regarding pleading to advise Court of reasonable fees and expenses; access Pacer.gov to research similarly filed pleadings; retrieve briefs and forward to D Bracken for review. | 0.40 |
| | DCB | Conduct additional research regarding reasonable attorneys fees; review prior fee invoices; outline affidavit in support; review Plaintiff's Objection to Court's Order in detail; conduct legal research regarding claims in same; draft correspondence to Darla Cordell explaining same. | 1.80 |
| 12/29/2015 | DCB | Begin drafting Brief in support of attorneys fees; begin drafting affidavit in support of attorneys fees; review correspondence from Darla Cordell requesting clarification regarding objection filed by opposing counsel; | |

Darla Cordell

| | |
|---|---|
| | 12/31/2015 |
| Account No: | 8694-101 |
| Invoice No: | 854780 |

Matter 101 - David Scruggs

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| | | draft correspondence to Ms. Cordell explaining basis for objections; review response confirming understanding of same. | 1.60 | |
| 12/30/2015 | DCB | Review fee invoices; continue to draft affidavit in support of attorneys fees; draft affidavit for Brandon Shelby; continue to draft and revise brief in support of attorneys fees; conduct additional legal research regarding Texas law for attorneys fees. | 4.40 | |
| 12/31/2015 | DCB | Review and revise brief and appendix to brief for attorneys fees; exchange correspondence with Brandon Shelby; forward affidavit for his review; review signed affidavit; prepare brief and appendix for filing. | 3.70 | |
| | | For Current Services Rendered | 21.70 | 6,247.50 |

Recapitulation

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| Will Hester | 1.50 | $125.00 | $187.50 |
| Douglas Bracken | 20.20 | 300.00 | 6,060.00 |

| | | |
|---|---|---|
| | Total Current Services and Expenses | 6,247.50 |
| | Previous Balance | $964.77 |
| 12/08/2015 | Payment - thank you - Discover | -772.27 |
| | Balance Due | $6,440.00 |

Past Due Amounts

| 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
|---|---|---|---|---|---|
| 0.00 | 192.50 | 0.00 | 0.00 | 0.00 | 0.00 |

TERMS: DUE AND PAYABLE UPON RECEIPT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DAVID SCRUGGS, | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 7:14-CV-00123-O |
| CITY OF BOWIE, and DARLA CORDELL | § | |
| Defendants | § | |

**DECLARATION OF BRANDON SHELBY IN SUPPORT OF AWARD OF ATTORNEY'S FEES, COSTS AND EXPENSES**

I, BRANDON SHELBY, declare pursuant to 28 U.S.C. Section 1746:

1. My name is Brandon Shelby. I am fully qualified and competent to make this Declaration. I am over eighteen (18) years old. I have personal knowledge of all facts stated herein other than those facts which I expressly state are made on the basis of information and belief.

2. I am an attorney in Sherman, Texas and I am currently the Director of the law firm Shelby Law, PLLC. Before establishing my own law firm, I was the City Attorney for the City of Sherman for more than five years. Before that, I was in private practice with two different firms in Dallas, Texas. I received a BA degree from Austin College in 2001 and a JD from the University of Texas at Austin in 2004.

3. Plaintiff's Original Complaint was filed against Judge Cordell on November 7, 2014 (ECF No. 1). Initially, Counsel for the City of Bowie also represented Judge Cordell and filed a motion to dismiss on her behalf. Soon thereafter, Plaintiff voluntarily dismissed Judge

Cordell by Plaintiff's First Amended Complaint filed on February 3, 2015 (ECF No. 9). After Judge Cordell's dismissal, counsel for the City no longer represented her.

4. Judge Cordell subsequently retained me, and on February 9, 2015, I assisted her in issuing a press release regarding her initial dismissal from this lawsuit. On March 19, 2015, Plaintiff's counsel sent a letter to me disputing four statements from the press release, threatening litigation and requesting retraction within 30 days. The four statements outlined in the March 19, 2015 letter were the same statements that Plaintiff asserted were false in Plaintiff's Second Amended Complaint filed against Judge Cordell on June 22, 2015.

5. I responded on April 20, 2015 to the March 19, 2015 letter, outlining that the disputed statements were not false, and refusing a "blanket retraction of her press release or the statements identified in [the] letter." On May 29, 2015, I defended Judge Cordell in her deposition by Plaintiff's counsel in this case.

6. On June 22, 2015, Plaintiff brought Judge Cordell back into this lawsuit by filing Plaintiff's Second Amended Complaint (ECF No. 28). Among other tasks, I reviewed the Second Amended Complaint and filed an answer on behalf of Judge Cordell on July 15, 2015 (ECF No. 38). However, Scheef & Stone, LLP substituted as counsel in this lawsuit for Judge Cordell on July 24, 2015 (ECF No. 42).

7. All of the work performed by Shelby Law, PLLC was performed by me. My standard rate is $400 per hour for my services. This rate is comparable to or lower than rates charged by attorneys with similar levels of experience at similar law firms in Grayson County, Texas, or in the Northern or Eastern Districts of Texas. However, because Judge Cordell sought

my representation through a family member, I agreed to reduce my standard rate to $175 per hour to represent her in this case.

8. The reasonable and necessary fees incurred in this matter include, but are not limited to, reviewing Plaintiff's demand letter and other relevant information; conducting legal research; reviewing and evaluating the claims asserted by Plaintiff; investigating the facts, documents, testimony, and other evidence relevant to the dispute; reviewing legal arguments presented by Plaintiff; responding to such arguments; defending Judge Cordell's deposition taken by Plaintiff after the demand letter; reviewing pleadings filed in the court; developing, exploring and implementing legal theories and strategies to present Defendant's defense to Plaintiff's claims; and preparing and filing pleadings and other papers with the court.

9. I have reviewed the invoices for Shelby Law, PLLC in this matter, true and correct copies of which are attached. The total amount of attorney's fees incurred on this case by Shelby Law, PLLC after Plaintiff threatened to sue Judge Cordell for statements contained in the February 9, 2015 press release has been $2,975.00. I did not charge Judge Cordell for any expenses.

10. However, in the exercise of billing judgment, I have excluded two entries totaling .50 hours from invoice 1046 that are, in my opinion, unrelated to this action because Judge Cordell was consulting with me regarding her employment with the City of Bowie and her dispute with Chief Scruggs' wife.

11. Accordingly, the total reasonable and necessary attorney's fees, costs and expenses incurred by Shelby Law, PLLC in defending against the claims asserted by Plaintiff

arising out of the press release and culminating in the Second Amended Complaint are $2,887.50.

12. The attorneys' fees incurred by me are the usual and customary fees for this work and are reasonable and necessary and were incurred in the defense of Plaintiff's claims.[1] In making that evaluation, I considered the fees customarily charged in this area for the same or similar services; the amount that Plaintiff claimed and placed in controversy; the favorable results obtained for Defendant; the likelihood that acceptance of this employment precluded other employment by me and Shelby Law, PLLC; the experience, reputation, and ability of those involved in this lawsuit; and the novelty of the claims asserted.

13. My opinions expressed herein are based upon all information received to date. I reserve the right to supplement this declaration and its conclusions subject to any additional information made available to me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 31, 2015.

Brandon Shelby

[1] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) requires the Court to consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar services in the locality; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; and, (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19; *see also Arthur Andersen Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)(outlining similar factors for Texas state courts).

Shelby Law, PLLC
PO Box 1316
Sherman, TX 75091
903-357-5101
www.ShelbyLawPLLC.com

# Invoice

| Date | Invoice # |
|---|---|
| 5/1/2015 | 1046 |

| Terms |
|---|
| Due on receipt |

PAID 05/13/2015

| Bill To |
|---|
| Darla D Cordell<br>235 PR 207<br>Bowie, TX 76230 |

| Description | Hrs | Rate/Hr | Amount |
|---|---|---|---|
| Meet with client regarding recent activity | 0.5 | 175.00 | 87.50 |
| Draft correspondence to City of Bowie regarding future attendance of client at City Council Meetings | 0.25 | 175.00 | 43.75 |
| Review audio recordings of Ja'rae Scruggs | 0.25 | 175.00 | 43.75 |
| Review additional documents provided by client including statements and partial Rangers report | 0.5 | 175.00 | 87.50 |
| Multiple teleconferences with Steve Henninger | 0.75 | 175.00 | 131.25 |
| Draft response to Nick O'Kelley regarding demand to retract certain statements from press release: including review of initial statement, review of documents filed in underlying federal case, review of correspondence with news media, review and analysis of case law regarding defamation, and review of supporting documentation | 4.25 | 175.00 | 743.75 |
| I have discounted this invoice to exclude any charges for client telephone calls regarding activity status and all phone calls related to the scheduling of depositions and status into investigation of assault incident, as well as all postage fees. | | | |

EXHIBIT 1

Thank you for your business.

| | |
|---|---|
| **Total** | $1,137.50 |
| **Payments/Credits** | -$1,137.50 |
| **Balance Due** | $0.00 |

*PLEASE CONTACT US WITH ANY QUESTIONS*
*903-357-5101*
*JShelby@ShelbyLawPLLC.com*

Shelby Law, PLLC
PO Box 1316
Sherman, TX 75091
903-357-5101
www.ShelbyLawPLLC.com

# Invoice

| Date | Invoice # |
|---|---|
| 6/1/2015 | 1052 |

| Terms |
|---|
| Due on receipt |

PAID 05/11/2015

**Bill To**

Darla D Cordell
235 PR 207
Bowie, TX 76230

| Description | Hrs | Rate/Hr | Amount |
|---|---|---|---|
| May 29 Deposition, Scruggs v. Bowie | 3.5 | 175.00 | 612.50 |

Thank you for your business.

| | |
|---|---|
| **Total** | $612.50 |
| **Payments/Credits** | -$612.50 |
| **Balance Due** | $0.00 |

*PLEASE CONTACT US WITH ANY QUESTIONS*
*903-357-5101*
*JShelby@ShelbyLawPLLC.com*

Shelby Law, PLLC
PO Box 1316
Sherman, TX 75091
903-357-5101
www.ShelbyLawPLLC.com

# Invoice

| Date | Invoice # |
|---|---|
| 7/31/2015 | 1061 |

| Terms |
|---|
| Due on receipt |

PAID 08/05/2015

| Bill To |
|---|
| Darla D Cordell<br>235 PR 207<br>Bowie, TX 76230 |

| Description | Hrs | Rate/Hr | Amount |
|---|---|---|---|
| June 29, 2015: Review and Analyze Amended Complaint | 0.25 | 175.00 | 43.75 |
| June 29, 2015: Review and respond to correspondence from TML regarding defense coverage | 0.25 | 175.00 | 43.75 |
| July 1, 2015: Telephone call to Nick O'Kelley | 0.25 | 175.00 | 43.75 |
| July 2, 2015: Draft/File Motion for Extension of Time | 0.25 | 175.00 | 43.75 |
| July 2, 2015: File Notice of Appearance | 0.25 | 175.00 | 43.75 |
| July 8, 2015: Consult with Attorneys for City of Bowie and Plaintiff regarding mediation dates | 0.25 | 175.00 | 43.75 |
| July 9, 2015: Review Answer to Amended Complaint filed by City of Bowie | 0.25 | 175.00 | 43.75 |
| July 10, 2015: Consult with opposing counsel regarding extension of mediation deadline and review joint motion | 0.25 | 175.00 | 43.75 |
| July 14, 2015: Consult with opposing counsel regarding dates for mediation | 0.25 | 175.00 | 43.75 |
| July 15, 2015: Review second Motion to Extend mediation deadline | 0.25 | 175.00 | 43.75 |
| July 15, 2015: Draft and file Answer to Amended Complaint | 3.5 | 175.00 | 612.50 |
| July 21, 2015: Consult with other counsel regarding deposition dates for Plaintiff Scruggs | 0.25 | 175.00 | 43.75 |
| July 22, 2015: Telephone Call with Doug Bracken regarding substitution as counsel | 0.5 | 175.00 | 87.50 |
| July 23, 2015: Review Motion to Substitute Counsel | 0.25 | 175.00 | 43.75 |

| | |
|---|---|
| **Total** | $1,225.00 |
| **Payments/Credits** | -$1,225.00 |
| **Balance Due** | $0.00 |

*PLEASE CONTACT US WITH ANY QUESTIONS*
*903-357-5101*
*JShelby@ShelbyLawPLLC.com*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DAVID SCRUGGS, | § | |
| Plaintiffs | § | |
| vs. | § | CIVIL ACTION NO. 7:14-CV-00123-O |
| CITY OF BOWIE, and DARLA CORDELL | § | |
| Defendants | § | |

**DECLARATION OF BRYAN R. HAYNES IN SUPPORT OF AWARD OF ATTORNEY'S FEES, COSTS AND EXPENSES**

I, BRYAN R. HAYNES, declare pursuant to 28 U.S.C. Section 1746:

1. My name is Bryan R. Haynes. I am fully qualified and competent to make this Declaration. I am over eighteen (18) years old. I have personal knowledge of all facts stated herein other than those facts which I expressly state are made on the basis of information and belief.

2. I am a partner with the law firm of Scheef & Stone, LLP. I graduated from Baylor University School of Business in May 1988 with a Bachelor of Business Administration degree in Accounting. I subsequently graduated from Baylor University School of Law in February 1991. I was licensed to practice by the State Bar of Texas in May, 1991 and have been a member in good standing since that time. I began my practice in May 1991 with the law firm now known as Locke Lord LLP. With the exception of the following sentence, I was with Locke Lord, LLP from May 1991 until September 2009, including as a partner from January 2000 to September 2009. From approximately August 1996 to approximately February 1998, I was an associate with

the law firm now known as Cooper & Scully, P.C. In September 2009 I moved my practice to Scheef & Stone, LLP and I have been a partner at this firm since that time. My practice for my entire 24 ½ year career has been exclusively as a trial lawyer.

3. I am a licensed to practice before the United States District Courts for the Northern (December 1991), Eastern (February 1995), Western (October 1995) and Southern (April 1997) Districts of Texas, Western District of Michigan (November 1997), the District of Colorado (January 1999), and Northern District of Indiana (July 2007), and before the United States Court of Appeals for the Fifth Circuit (July 1995). I have been admitted *pro hac vice* to practice in multiple other Federal District Courts, including the Central and Northern Districts of California, the Middle District of Florida, the Western District of Kentucky, the Eastern District of Louisiana, the District of Maryland, the Western District of North Carolina, the Middle District of Pennsylvania, the Middle District of Te1messee and the District of Utah.

4. I have appeared in more than 200 cases in Federal Courts across the United States, including approximately 82 in the Northern District of Texas. I have tried more than 60 jury and non-jury cases in Federal and state courts, as well as numerous arbitrations

5. From practicing law in the Dallas/Ft. Worth area for almost twenty-five years, specifically in civil trial law, I have become familiar with the prevailing market rates for this type of practice in this area. In my own firm and my prior firm, Locke Lord, LLP, I know that senior litigators routinely seek in excess of $400 per hour for civil trial work. My own standard rate is $420.00 an hour, which I routinely charge. In the last two to three years I have been involved in lawsuits with various law firms in the Dallas/Ft. Worth area, including Fish & Richardson, PC, Norton Rose Fulbright, McKool Smith PC, Gardere Wynne Sewell, LLP and others, and I know that senior litigators in those firms charge in excess of $400 per hour for their services, and that many

charge substantially in excess of $400 an hour.

6. I am familiar with Mr. Bracken, his reputation, and his work, including his work in this case. He is an experienced and capable trial lawyer. From my own observations, my own billing practice, and through discussions with members of other firms in Dallas/Fort Worth who practice regularly in Northern District of Texas, I have determined that $400 per hour is consistent with attorneys in this district who have experience and background similar to Mr. Bracken.

7. Based on my education, training and experience, it is my opinion that the rate of $300 per hour is not only reasonable and well within the prevailing market rate for the work performed by Mr. Bracken in this matter, it is actually below market for an attorney with the education, training and experience of Mr. Bracken. I have reviewed invoices for Scheef & Stone, LLP in this matter containing Mr. Bracken's time entries, as well as Mr. Bracken's Declaration relating to the request for attorneys' fees in this matter. Based on these documents, it is my understanding that the total number of hours expended by Mr. Bracken for the relevant services is approximately 81.70 and that based on the billing rate of $300.00 an hour, the amount of attorneys' fees incurred is approximately $24,510. Based on my education, training and experience, it is my opinion that the number of hours expended by Mr. Bracken were reasonable for the services he rendered and that the services he rendered were necessary for this matter. It is my further opinion that the total amount of attorneys' fees sought are reasonable and necessary.

8. Each of my opinions in this Declaration are based upon a consideration of the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] Specifically, I considered: the time and labor involved; the novelty of the Texas Anti-

[1] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) requires the Court to consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the

SLAPP statute and its dismissal procedure; the skills of Mr. Bracken; the likelihood that acceptance of employment by Mr. Bracken in this matter at the time and under the time constraints he was under precluded other hourly employment by him; the customary fees in the Northern District of Texas for similar work; the fact Mr. Bracken's professional business model does not support contingency based work, particularly on this type of matter; the time limitations imposed by the Texas Anti-SLAPP statute and the timing of the filing against Defendant; the favorable result obtained for Defendant; the experience, reputation and ability of Mr. Bracken and others performing the services; the fact that the Defendant was a new client to Mr. Bracken and an individual (rather than a corporation) without insurance coverage and that as such she may have difficulty paying the hourly fees (which ordinarily would result in a higher, not lower, rate); and other awards of attorney fees in similar cases. I also considered the unique facts and circumstances of this case as I understand them.

9. It is my understanding that the total amount of expenses incurred by Scheef & Stone, LLP in the defense of this action after Plaintiff filed his Second Amended Complaint is $939.17. In my experience, these expenses are reasonable and not normally absorbed as part of a law firm's overhead, but are the type of expenses that are normally billed to a client. In my opinion these expenses are also reasonable and appropriate for this type of case and these expenses were necessary to defense of the lawsuit.

10. If Plaintiff makes an unsuccessful appeal from this lawsuit to the United States Court of Appeals for the Fifth Circuit, I am also of the opinion that $25,000 would be a

---

customary fee for similar services in the locality; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; and, (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717-19; *see also Arthur Andersen Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)(outlining similar factors for Texas state courts).



reasonable fee for services performed by Scheef & Stone, LLP on appeal.

11. Further, I am of the further opinion that $35,000 would be a reasonable fee for services performed by Scheef & Stone, LLP on appeal of this cause to the United States Supreme Court.

12. My opinions expressed herein are based upon all information received to date. I reserve the right to supplement this affidavit and its conclusions subject to any additional information made available to me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 31, 2015.

Bryan R. Haynes